UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JULIUS M. ENGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>TANI CANTIL-SAKAUYE,<br><br>    Defendants. | Case No.  2:20-cv-00893-JAM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>ECF No. 12<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

      Plaintiff was a California-licensed attorney.  Following the State Bar of California's recommendation that he be disbarred, he petitioned for review to the Supreme Court of California.  His petition was denied in an order signed by defendant, the Chief Justice.  Plaintiff then brought this lawsuit, alleging various misdeeds during the process leading to his disbarment.  Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendant now moves to dismiss plaintiff's first amended complaint for lack of subject-matter jurisdiction, judicial immunity, and failure to state a claim upon which relief can be granted.[1]  ECF No. 12 at 2.

**Background**

      In California, the Supreme Court has the final word in all attorney discipline cases

---

[1] Plaintiff filed the initial complaint on May 1, 2020.  ECF No. 1.  On October 28, 2020, he moved to amend, ECF No. 8, and filed his amended complaint, ECF No. 9.

1

involving suspension or disbarment. In 2013 and 2015, the State Bar brought two cases of misconduct against plaintiff, at least one of which resulted in the suspension of his license. ECF No. 1 at 3-4. In 2018, pending plaintiff's trial on additional charges of misconduct, the State Bar placed him on involuntary inactive status. *Id.* at 3. Following the State Bar's recommendation that he be disbarred, defendant—acting in her role as Chief Justice, and on behalf of the Supreme Court of California—signed the order denying plaintiff's petition for review. *Id.* at 4; *see also Engel on Discipline*, No. S259986 (Cal. April 1, 2020). Plaintiff did not seek review in the United States Supreme Court, but rather filed this suit. ECF No. 1 at 2-3. Plaintiff claims that defendant's actions violated the False Claims Act, the Racketeer Influenced Corrupt Organizations Act, and the Fourteenth Amendment's Due Process and Equal Protections Clauses. *Id.* at 2.

## 12(b)(1) Motion to Dismiss Standards

Under Federal Rule of Civil Procedure 12(b)(1), defendant moves to dismiss, claiming that this court lacks subject-matter jurisdiction. Defendant argues that plaintiff is asking the court to review both the Supreme Court of California's application of state rules and procedures and the court's judgment itself.[2] ECF No. 12 at 11-16. Under the *Rooker-Feldman* doctrine, federal courts cannot adjudicate constitutional claims that "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief]." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

It is plaintiff's burden to show that jurisdiction exists. *See Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). When a defendant argues that a lack of

---

[2] Defendant also argues that the case is moot. ECF No. 12 at 9-11. Under Article III of the United States Constitution, federal courts lack subject-mater jurisdiction over actions that have become moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). A case is moot if it has "lost its character as a present, live controversy of the kind that must exist if [Article III courts] are to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). As defendant points out, plaintiff seeks injunctive relief from a disbarment order that has already taken full effect. Because I base my recommendations on the *Rooker-Feldman* doctrine, I do not reach the issue of mootness.

1  subject-matter jurisdiction is apparent from the face of the complaint, the court treats the

2  complaint's allegations as true and considers them in the light most favorable to the plaintiff. *See*

3  *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

## Discussion

Plaintiff challenges defendant's ruling that denied his petition for review of the State Bar's disbarment recommendation. He claims that defendant is "fully responsible for" the conduct of the California State Bar Office of the Chief Trial Counsel, since she has "delegated [her] authority" over the discipline of California-licensed attorneys. *See* ECF No. 9 at 2. He alleges that the State Bar's findings were "invalid and based on no evidence that he committed any misconduct," and that defendant's "rubber stamp" of these findings is evidence of "her indifference to the misconduct of her appointed surrogates." *Id.* at 3-4. As such, plaintiff's case centers around the State Bar's disciplinary process and decision, and defendant's denial of his petition for review.[3]

In *Scheer v. Kelly*, 817 F.3d 1183 (9th Cir. 2016), the Ninth Circuit held that the *Rooker-Feldman* doctrine applies to the State Bar of California's disciplinary proceedings and related petitions for review. *Id.* at 1186. None of the facts alleged by plaintiff meaningfully distinguish this case from *Scheer*. As in *Scheer*, plaintiff's "challenge to the State Bar's decision in [his] own case is a de facto appeal of the Supreme Court of California's denial of [his] petition for review . . . inviting district court review and rejection of the state court's judgments." *Id.* (internal quotations and citations omitted). Thus, even interpreting the alleged facts in the light most favorable to the plaintiff, the court lacks subject-matter jurisdiction.[4] Dismissal is proper under

---

[3] In his opposition to the motion to dismiss, plaintiff argues that that he accused defendant of murder in his complaint. ECF No. 15 at 2-3. However, in his amended complaint, plaintiff included only the conclusory allegation that defendant's "misconduct and malfeasance contributed [to] the death of" plaintiff's wife, Mary C. Engel, in August 2016. ECF No. 9 at 3. It appears that Mrs. Engel's death occurred nearly four years before defendant's denial of plaintiff's petition for review. *See id.*

[4] Plaintiff argues that he is bringing this case as a qui tam action and under the False Claims Act, and that this gives the court subject-matter jurisdiction. ECF No. 15 at 4-6. But regardless of plaintiff's desired enforcement mechanism, the complaint asks the court to review state court proceedings and judgments.

Federal Rule of Civil Procedure 12(b)(1). I need not reach defendant's other arguments.

**Findings and Recommendations**

Because the court lacks subject-matter jurisdiction, leave to amend would be futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Therefore, I recommend that

    1. defendant's motion to dismiss, ECF No. 12, be granted;

    2. plaintiff's amended complaint, ECF No. 9, be dismissed with prejudice; and

    3. the clerk of the court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 13, 2021

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE

4